FRANK B. SHELDON ET AL. V. GAGE COUNTY SOCIETY OF AGRICULTURE ET AL.

FILED MARCH 17, 1904. No. 13,471.

1. **Supplying Records.** The supplying of missing records is a matter resting in the sound discretion of a court and, unless it is abused, its exercise will not be interfered with.

2. **County Board:** ALLOWANCE OF CLAIM OF AGRICULTURAL SOCIETY: REVIEW. The application of an agricultural society for assistance from the county funds is a claim, and an appeal from its allowance by a taxpayer will lie to reexamine the facts as to the organization and competency of the society. No reexamination as to the public interest in assisting such a society is permissible.

ERROR to the district court for Gage county: CHARLES B. LETTON, JUDGE. *Reversed.*

*E. O. Kretsinger,* for plaintiffs in error.

*L. W. Colby* and *H. E. Sackett, contra.*

HASTINGS, C.

Two questions are presented in this case, which is an appeal from the action of the board of county commissioners of Gage county in allowing the claim of the Gage County Agricultural Society for $994.50 for holding a fair in August, 1901. When the appeal was presented in the district court for that county, it was discovered that there was among the files no certificate, such as is required by section 12, article I, chapter 2, Compiled Statutes (Annotated Statutes, 3019) showing payment of at least $50 dues into the treasury of such society. A motion was made for leave to supply the record; a certificate was found and filed. It was then insisted that it had not been filed before the county board, and a motion to strike it for that reason was made. At the hearing of this motion, affidavits were produced on both sides and oral testimony was taken. The court overruled the motion. This is plaintiffs' first ground of complaint. It is impossible to see that in this action there was any error; there is evidence to support the conclusion of the trial court that the certificate had been before the county board.

The other complaint is as to the dismissal of the taxpayers' appeal, on the ground that none would lie from the action of the commissioners in allowing this amount to the agricultural society.

Section 12, before referred to, provides that the county board may, at any time that it deems it for the best interest of the county, refuse to make the appropriation, or any part of it. Earlier in the section it is provided that the board "may, when they deem it for the best interest of said county, order a warrant to be drawn on the general funds of the county in favor of the president of the society." It is claimed, and the trial court seems to have

found, that this makes the whole matter discretionary with the board, and that in review of an abuse of discretion only error will lie.   In brief, that this is not a "claim" against the county, from whose allowance a taxpayer may appeal under the provisions of section 38, chapter 18, article I of the Compiled Statutes (Annotated Statutes, 4456).

Doubtless, if the whole matter were entirely in the discretion of the county board, no appeal would lie from the exercise of such discretion. An appeal involves a hearing *de novo*. A matter which is entirely within the discretion of a specified tribunal can not be tried on its merits before another one. For an abuse of such a discretion, doubtless, the only remedy would be error.   But an examination of said section 12 indicates that, before the board has any discretion to allow anything, the establishment of a society with a constitution and by-laws agreeable to the rules furnished by the state board of agriculture and with 20 or more resident members in the county is absolutely required, as well as the certificate before mentioned.   It would seem that the word "claims" as used in the statute governing appeals from actions of county boards is used in the sense of an assertion or a pretension.   The assertion by the agricultural society of a right to appeal to the discretion of the commissioners in reference to an allowance is a claim.   If there is a competent agricultural society and its members have brought themselves within the law, from an exercise of the board's discretion in finding that the public interest requires the allowance, there can be no appeal.   From their determination as to the existence of the antecedent facts, however, which are involved in this claim, there seems no doubt of a right to appeal, and that the court was wrong in dismissing the taxpayers' entire proceedings.   There seems no reason for making a distinction between one class of claims and another, except such as the statute itself makes.   One who has in a lawful and proper manner performed services for the county has an absolute right to an allowance

of his pay, but from such an allowance any taxpayer has the right of appeal. It is a claim against the county and comes within the provisions of section 38, article I, chapter 18 of the Compiled Statutes. An agricultural society, which has complied with the law, has the right to appeal to the discretion of the county board, and to take the latter's conclusion as to the public interest. If it can induce the board to believe that public interests require county assistence to be afforded, the society can obtain it. Is this any the less a claim against the county because it is not one of absolute right, but only of discretionary consideration at the hands of the commissioners? The taxpayer, by means of the law, has committed to the county board a discretion to say whether or not it is for the best interest of the people that assistance be extended to a duly organized agricultural society, which has complied with the law. That question must be considered settled. Whether there is such a society and whether or not it has complied with the law, are questions to be determined in the first place by the board, but finally by the facts, and as to these it seems clear that section 38, article I of chapter 18, authorizes an appeal.

For the reexamination of these questions of fact in the district court, if the appellants desire, it is recommended that the judgment dismissing the appeal be reversed and the cause remanded for further proceedings.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment dismissing the appeal is reversed and the cause remanded for further proceedings.

REVERSED.