FRANK B. SHELDON ET AL. V. GAGE COUNTY SOCIETY OF AGRICULTURE ET AL.

FILED JANUARY 3, 1906. No. 14,089.

1. County Board: APPEAL: PLEADINGS. On an appeal to the district court by a taxpayer from an order of the county board allowing aid to an agricultural society under section 12, article I, chapter 2, Compiled Statutes 1903, the appellee is not required to plead that the county board included the amount allowed by it in its

annual estimate, nor that there were funds in the treasury, or taxes levied, against which a warrant could be drawn.

2. ————: AID TO AGRICULTURAL SOCIETIES. As a condition precedent to allowing aid to such societies, said section requires that there shall be paid into its treasury, in voluntary subscriptions or fees imposed upon its members, not less than $50 each year, and that the amount thus paid shall be certified by the president to the county clerk. The president certified that the amount thus paid each year prior to 1899 exceeded $50 and the exact amount for each subsequent year, the amount each subsequent year being more than $50. *Held*, That the certificate was a substantial compliance with the statute.

ERROR to the district court for Gage county: ALBERT H. BABCOCK, JUDGE. *Affirmed.*

*E. O. Kretsinger,* for plaintiffs in error.

*L. W. Colby, S. D. Killen, H. E. Sackett* and *Griggs, Rinaker & Bibb, contra.*

ALBERT, C.

In January, 1903, the county board of Gage county allowed a claim to the Gage County Society of Agriculture, acting, as is claimed, under the provisions of section 12, article I, chapter 2, Compiled Statutes 1903 (Ann. St. 3019), which we shall notice presently. The plaintiffs in error appealed from the order to the district court. The appeal was dismissed and the taxpayers brought the case here for review. The judgment of the district court was reversed and the cause remanded (71 Neb. 411). A new trial was then had in the district court, which resulted in a verdict and judgment for the society. The taxpayers present the case a second time for review in this court.

The section above referred to, so far as is material at present, is as follows: "Whenever twenty or more persons residents of any county in this state shall organize themselves into a society for the improvement of agriculture within said county, and shall have adopted a constitution and by-laws agreeable to the rules and regulations fur-

nished by the state board of agriculture, and shall have appointed the usual and proper officers, and when the said society shall have raised and paid into the treasury, by voluntary subscription or by fees imposed upon its members, any sum of money, in each year not less than fifty ($50) dollars, and whenever the president of said society shall certify to the county clerk the amount thus paid, the county board may, when they deem it for the best interests of said county, order a warrant to be drawn on the general fund of said county in favor of the president of said society for a sum not to exceed three cents on each inhabitant of said county upon a basis of the last vote for member of congress in said county, allowing five inhabitants for each vote, and said county board shall, in case it order said warrant to be drawn, include said sum in its annual estimate, and it shall be the duty of the treasurer of the county to pay the sum out of the general fund."

The contention now is that the judgment of the district court should be reversed, because it does not appear on the face of the petition that the county board included the amount allowed the society in its annual estimate. We think this contention is without merit. The requirement that the board shall "include said sum in its annual estimate" is not for the purpose of creating a special fund for the payment of the amount allowed, because the same sentence provides for payment out of the general fund. The section contemplates that the order for a warrant shall precede the allowance of the amount in the annual estimate, because such amount is to be thus included, "in case it (the board) order said warrant to be drawn." It is clear, therefore, that a compliance with the requirement to include the amount allowed in the annual estimate is not a condition precedent to ordering a warrant to be drawn, but rather a resulting duty devolving upon the board, the performance or nonperformance of which would in nowise affect the validity of its order for a warrant. That being true, the society was not required to show affirmatively that the board had included the sum allowed in its annual esti-

mate. If it failed to perform its duty, the remedy is by another form of action.

It is also contended that the petition is fatally defective, because of "its entire failure to allege that at the time its (the society's) claim was audited by the county board, and the warrant ordered drawn, there were funds in the treasury, or taxes levied, upon which a warrant could be drawn." While this court has held that a writ of mandamus will not lie to compel a county-board to act upon claims against the county when it appears that there are no funds in the treasury, and sufficient taxes have not been levied for the payment of such claims, it has never held that a party prosecuting a claim against a county payable out of the general fund, is required to plead and prove that there are sufficient funds in the treasury or taxes levied to authorize the board to allow the claim. Section 34, article I, chapter 18, Compiled Statutes 1903 (Ann. St. 4452), makes it unlawful for a county board to issue warrants in excess of 85 per cent. of the levy for the current year, or to incur any indebtedness against the county in excess of the tax levied for county expense during the current year. It is not to be presumed that the county board allowed the claim in violation of this section, but rather that it acted lawfully, and such presumption will be indulged until the contrary is shown as a matter of defense.

Another contention is that the petition, instead of showing that the president of the society certified the exact amount paid to the society by voluntary subscription, or by fees imposed on its members each year, to the county clerk, merely certified that for the years prior to 1899 the amount thus paid exceeded $200 a year, and that for 1899 it was $800, for 1900, $500, and for 1901, $300. This contention seems to lack substantial merit. The section, hereinbefore set out at length, makes the payment into the treasury of the society by voluntary subscriptions, or fees imposed on its members, of at least $50 each year one of the conditions precedent to the allowance of aid by the county board. It

also requires the president to "certify to the county clerk the amount thus paid." While the certificate of the president does not show the exact amount paid each year prior to 1899, it does show that it exceeded the minimum amount fixed by the section and amounts, we think, to a substantial compliance with the statute.

We discover no error in the record, and recommend that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.