FRONTIER COUNTY AGRICULTURAL SOCIETY, APPELLANT, V. FRONTIER COUNTY ET AL., APPELLEES.

FILED JANUARY 22, 1934. No. 28932.

*G. E. Simon* and *Perry, Van Pelt & Marti,* for appellant.

*O. E. Bozarth, Cloyd E. Clark* and *F. J. Schroeder,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LOVEL S. HASTINGS, District Judge.

HASTINGS, District Judge.

The Frontier County Agricultural Society, plaintiff and appellant, filed a claim against the county of Frontier for county aid for the year 1930, under section 2-201, Comp. St. 1929. The claim was allowed by the county and an appeal taken therefrom by William Schilpp, a taxpayer of said county. A demurrer was filed to the third amended petition of the plaintiff upon the grounds that plaintiff had no legal capacity to sue, and the petition did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff electing to stand upon its petition, the action was dismissed. The ruling of the trial court upon the demurrer and the dismissal of plaintiff's cause of action is assigned as error.

It is conceded by counsel for the appellee, Schilpp, that the appellant has the legal capacity to sue. The sole question presented is whether the petition states facts sufficient to constitute a cause of action.

From the facts alleged in the petition and admitted by the demurrer it appears that appellant is an agricultural society organized as required by law; that it has adopted the rules and regulations prescribed by the proper officers and the state board of agriculture; that it has raised and paid into its treasury by voluntary subscription and by fees imposed upon the members of said society, since its organization and the adoption of said rules and regulations, the sum of more than $50 annually; that it raised and paid into its treasury by voluntary subscription and by fees imposed upon its members more than

$50 during the year 1930; that on the 11th day of July, 1930, it filed with the county clerk of Frontier county a certificate signed by its president as follows:

"To the county clerk of Frontier county, Nebraska.

"Pursuant to section 6 of the 1922 Compiled Statutes of the state of Nebraska, the undersigned George I. Johnson, president of the Frontier County Agricultural Society, hereby certifies that there was raised and paid into the treasury by voluntary subscription or by fee imposed upon the members of the Frontier County Agricultural Society, more than the sum of $50, during the year last past, to wit, the sum of $238.

"I further certify that the annual fair of the Frontier County Agricultural Society for the year 1930 is to be held at Stockville, Nebraska, from August 26 to August 30, inclusive, and that the total amount of premiums to be awarded will be in excess of $2,000.

"Attest—R. D. Logan, Secretary.

"George I. Johnson, President."

The certificate was subscribed and sworn to by the president and secretary of said society.

That thereafter, during the year 1930, at the time the county board levied taxes for county and other purposes, it levied a tax for the aid of said society sufficient to raise the amount required by law for that purpose, and that said tax has been substantially paid; that in August, 1930, it held a five day fair on the dates as stated in its certificate and that it expended in premiums more than $2,000. A copy of the claim filed with the county board is made a part of the petition. It sets out the dates in August, 1930, on which the fair was held and states that it expended in premiums more than $2,000. This was subscribed and sworn to by both the president and secretary of the society.

The only question raised as to the sufficiency of the petition to state a cause of action that merits consideration is whether the certificate is sufficient under the pro-

visions of the statute to entitle the appellant to county aid.

The statute, so far as material to the question involved, provides:

"Whenever twenty (20) or more persons, residents of any county in this state, shall organize themselves into a society for the improvement of agriculture within said county, and shall have adopted a constitution and by-laws agreeable to the rules and regulations furnished by the usual and proper officers, and when the said society shall have raised and paid into the treasury, by voluntary subscription or by a fee imposed upon its members, fifty ($50) dollars or more annually, and whenever the president of said society shall certify to the county clerk the amount thus paid, the county board shall, at the time other levies and assessments for taxation are made, levy a tax upon all property within the county not to exceed one-fourth mill on each dollar of the assessed valuation or so much thereof as is necessary to raise the maximum amount provided for in this act, which tax each year shall be assessed, levied and collected as other state and county taxes and shall be paid by the county treasurer to the treasurer of the managing board of directors of such agricultural fair."   Comp. St. 1929, sec. 2-201.

The statute requires that whenever an agricultural society formed agreeable to its provisions shall have raised and paid into its treasury by voluntary subscription or by fees imposed upon its members $50 or more annually, and whenever the president of said society shall certify to the county clerk the amount thus paid, the county board shall, at the time other levies for taxation are made, levy a tax for the aid of such society.   A compliance with the foregoing provisions of the statute is a condition precedent to the right of such agricultural society to county aid. *Sheldon v. Gage County Society of Agriculture,* 75 Neb. 485.

It is contended by counsel for the appellee, Schilpp, that the payments required by statute to be made annually mean that such payments are to be made each calendar

year in which a levy is sought and since it does not appear from the certificate that such payments were paid into the treasury of the society during the year 1930, prior to the filing of the certificate, the appellant was not entitled to county aid. We think this is a narrow construction of the statute. There is nothing in the statute that indicates that the required payments are to be made during the calendar year in which the levy is sought and before the filing of the certificate. The annual payments required by the statute and the amount the certificate is required to show paid are prerequisites to invest the county board with the power and authority, at the time that the annual levies for taxes are made, to make a levy for county aid to a society organized thereunder.

Taking into consideration the connection which the required payments bear to the levy of taxes, the time for making levies and that taxes are levied annually, we think it was the intention of the legislature that the annual or yearly payments required to be raised and paid into the treasury of the society should be raised and paid in during the year intervening between the levy of taxes for each year and before the appropriate time for filing of the required certificate. It is contemplated by the statute that the certificate should be filed during the year for which the levy is sought and before the levy for taxes for that year.

From the certificate in question it appears that the money was raised and paid into the treasury of the society "during the year last past." The phrase, "during the year last past," as used in the certificate, means during the year immediately preceding. July 11, 1930, the date of the filing of the certificate with the county clerk. Its fair import is that throughout the course of the year from July 11, 1929, to July 11, 1930, there was raised by voluntary subscription or fees imposed upon its members and paid into its treasury $238. The statute does not require that the certificate set out the date the required payment was made; it is sufficient if it shows it

was paid during the course of the year intervening between the annual levy of taxes.

Under the statute so construed, we hold that the certificate complied therewith and the county board had the authority to make the levy of a tax to give financial support and aid to the appellant society for the year 1930. It follows from what has been said that the petition states facts sufficient to constitute a cause of action and that the trial court was in error in sustaining the demurrer. For the reasons given, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.